[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15654
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00333-WHA-TFM

LARRE ANTHONY HOLLAND,

Plaintiff–Appellant,

versus

CITY OF AUBURN, ALABAMA,
an Alabama Municipal Corporation,
PAUL REGISTER,
an individual Alabama resident, individually and/or jointly,
GEORGE MICHAEL CREIGHTON, II,
an individual Alabama Resident, individually and/or jointly,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 3, 2016)

Before MARCUS, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In this § 1983 action,[1] Plaintiff–Appellant Larre Holland ("Plaintiff") sued Defendants–Appellees:  George Creighton, II ("Detective Creighton"); the City of Auburn, Alabama ("the City"); and the Chief of the City's Police Department, Chief Paul Register ("Chief Register"), alleging federal claims for malicious prosecution, false arrest, false imprisonment, unlawful seizure, and additional state law claims.  Plaintiff also alleged that the City and Chief Register failed to properly screen, hire, and train Detective Creighton.  The district court granted Defendants' motion to dismiss.  Plaintiff appeals, contending that the district court erred in dismissing his claims against Detective Creighton and the City.[2]  After careful review, we affirm.

## I.    BACKGROUND

### A.    Factual Background

In March of 2014, officers from the State of Georgia Clayton County Sheriff's Office and a United States Marshall arrested Plaintiff at his workplace in connection with a robbery.  When the officers arrested Plaintiff, they searched him

---

[1]  42 U.S.C. § 1983 provides a civil rights cause of action against an official who, acting under color of state law, deprives an individual of a federal right.  42 U.S.C. § 1983 (2012).

[2]  Plaintiff abandoned his claims against Chief Register on appeal by failing to address the dismissal of those claims.  *See Access Now, Inc. v. Sw. Airlines Co*., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

and his vehicle.  The next morning, a Clayton County magistrate judge denied Plaintiff bond.  Plaintiff stayed at the Clayton County Jail until he was moved to Auburn, Alabama.

Plaintiff was charged with the robbery of Kevin McCarley ("Mr. McCarley").  Mr. McCarley is a taxi driver who was robbed by one of his passengers.  Mr. McCarley gave the police the cell phone number from which the robber allegedly had called to order a taxi.  Detective Creighton began investigating the robbery and found an association between the address connected to the cell phone number and Plaintiff.  At that point Detective Creighton prepared a photographic line-up with a picture of Plaintiff.  Mr. McCarley identified Plaintiff as the robber.  According to the Amended Complaint, Detective Creighton then prepared and presented the warrant affidavit to a magistrate judge, obtained an arrest warrant, and initiated Plaintiff's arrest.  Defendants provided a copy of the warrant affidavit in their Memorandum in Support of Motion to Dismiss First Amended Complaint.[3]

After Plaintiff was arrested, Detective Creighton met with him.  Detective Creighton was allegedly rude and cursed at Plaintiff.  Plaintiff asked Detective

---

[3]  Ordinarily, a district court may not consider materials outside of the complaint without converting the motion to dismiss into a motion for summary judgment.  However, this Court has held that "the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).  The warrant affidavit is central to Plaintiff's Amended Complaint, and Plaintiff does not challenge the affidavit's authenticity.

Creighton to "ping" Plaintiff's cell phone data to verify that he had not been in Auburn during the robbery and told Detective Creighton that he had been shopping at a Kroger in Union City, Georgia, at the time of the robbery.  After this meeting, video surveillance from Kroger was retrieved that verified Plaintiff's whereabouts. The robbery charge was then dismissed.

## B.    Procedural History

In May 2015, Plaintiff filed a complaint under 42 U.S.C. § 1983.  Plaintiff later filed an Amended Complaint naming Detective Creighton, Chief Register, and the City of Auburn as defendants.  The Amended Complaint alleged the following claims:  (1) unlawful seizure against Detective Creighton; (2) false arrest against Detective Creighton; (3) false imprisonment against Detective Creighton; (4) malicious prosecution against Detective Creighton; (5) failure to properly screen and hire against Chief Register and the City; (6) failure to properly train against Chief Register and the City; (7) failure to supervise against Chief Register; (8) false arrest and false imprisonment under Georgia law against Detective Creighton; (9) malicious prosecution under Georgia law against Detective Creighton; (10) negligence under Georgia law against Chief Register and the City; (11) intentional infliction of emotional distress under Georgia law against Detective Creighton; (12) false arrest and false imprisonment under Alabama law against Detective Creighton; (13) negligence under Alabama law against Chief

4

Register and the City; (14) intentional infliction of emotional distress under Alabama law as to Detective Creighton; (15) punitive damages against all defendants; (16) damages against all defendants; (17) attorney's fees against all defendants.  Additionally, Plaintiff attached illegal search claims to his unlawful seizure claim, which he raises on appeal.[4]

The district court granted Defendants' motion to dismiss.  Regarding the claims against Detective Creighton, the court found that Plaintiff's claims for unlawful seizure, false arrest, and false imprisonment failed because Plaintiff was arrested pursuant to a warrant.  Plaintiff's malicious prosecution claim was dismissed because probable cause existed for the arrest, Plaintiff failed to identify any omission made by Detective Creighton in applying for the warrant that would have removed probable cause, and Detective Creighton was entitled to qualified immunity.  The district court dismissed the illegal search claim because it was improperly pled, there was probable cause for the arrest warrant, and Plaintiff provided no facts that connected Detective Creighton to the search of the vehicle.

Regarding the claims against the City and Chief Register, the district court found that there was no liability because there was no underlying constitutional violation.  Additionally, the court noted that Plaintiff failed to state a basis for

---

[4]  On appeal, Plaintiff raises only the claims for malicious prosecution, illegal search, and municipal liability.  *See Access Now*, 385 F.3d at 1330 ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

municipal or supervisory liability because he failed to assert a specific policy or custom that led to the alleged violations.  The district court then dismissed the remaining state law claims without prejudice to be filed in state court.  Plaintiff now appeals.

## II.    DISCUSSION

On appeal, Plaintiff contends that the district court erred by (1) holding that Detective Creighton had both arguable probable cause and probable cause to arrest Plaintiff and to search Plaintiff and Plaintiff's vehicle and (2) applying a heightened pleading standard to Plaintiff's municipal liability claims.

## A.    Standard of Review

We review the district court's dismissal of a complaint for failure to state a claim *de novo*.  *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999).  In so doing, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007).  In order to survive a motion to dismiss, the complaint must contain facts sufficient to support a plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6

**B.      Claims Against Detective Creighton**

1.      Malicious Prosecution Claim

Plaintiff challenges the district court's dismissal of his malicious prosecution claim by asserting that the district court erred in finding that there was probable cause or arguable probable cause for his arrest.  We find that the district court properly dismissed Plaintiff's malicious prosecution claim because Plaintiff failed to sufficiently plead that the warrant affidavit presented to the magistrate judge by Detective Creighton lacked probable cause.[5]

Malicious prosecution is a Fourth Amendment violation and a "viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).  In order to establish a malicious prosecution claim, Plaintiff must prove two elements:  (1) he "must prove a violation of his Fourth Amendment right to be free from unreasonable seizures" and (2) he must prove "the elements of the common law tort of malicious prosecution." *Id.*  A malicious prosecution claim under § 1983 encompasses both state and federal law, but the elements are "ultimately controlled by federal law." *Id.* at 882.  The elements for malicious prosecution include:  "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused."

---

[5]  Because we find that there was probable cause for Plaintiff's arrest, we need not discuss the arguable probable cause standard that applies in a qualified immunity defense.

7

*Id.*; *see Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010) (noting that Alabama law for malicious prosecution is the same except that it requires only a "judicial proceeding" not a "criminal prosecution").

The elements of malicious prosecution are listed in the conjunctive; therefore, if Plaintiff is unable to prove any of the four elements, his claim necessarily fails. We focus on the second element—the existence of probable cause—and conclude that based on the facts pleaded in Plaintiff's Amended Complaint, no reasonable jury could find that Detective Creighton proceeded without probable cause. "Probable cause requires more than mere suspicion, but does not require convincing proof." *Bailey v. Bd. of Cty. Comm'r of Alachua Cty.*, 956 F.2d 1112, 1120 (11th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992). "A law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense." *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990). The probable cause standard is objective, requiring only "that an arrest be objectively reasonable under the totality of the circumstances." *Bailey*, 956 F.2d at 1119.

In determining whether or not probable cause existed, great deference is due to the magistrate's finding of probable cause. *United States v. Leon*, 468 U.S. 897,

914 (1984).  However, there are a few exceptions to this rule of deference.

Because a magistrate independently decides whether the warrant affidavit provides

probable cause, deliberate or reckless false statements in the affidavit and/or

omissions in the affidavit remove the presumption of validity accompanying the

warrant.  *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *Madiwale v. Savaiko*, 117

F.3d 1321, 1326 (11th Cir. 1997) (applying *Franks* to omissions as well as

deliberate falsehoods).

Plaintiff alleges that there was no probable cause for his arrest because

Detective Creighton omitted material information from the warrant affidavit.  An

omission renders a warrant void only if the officer intentionally or recklessly

omitted information *and* probable cause is no longer present without that

information.  *Madiwale*, 117 F.3d at 1327.  In other words, even intentional or

reckless omissions will not invalidate a warrant if "there remains sufficient content

in the warrant affidavit to support a finding of probable cause."  *Id.* at 1326–27.

Plaintiff asserts that the warrant for his arrest was invalid because Detective

Creighton deliberately omitted the actual association between Plaintiff and the

address connected to the cell phone used in the robbery.

In order to move beyond a motion to dismiss, Plaintiff must provide well-

pleaded factual allegations that show (1) Detective Creighton intentionally or

recklessly made the omission and (2) the omission was "necessary to the finding of

9

probable cause." *United States v. Martin*, 615 F.2d 318, 328 (5th Cir. 1980)[6]

(quoting *Franks*, 438 U.S. at 156–57).  Plaintiff did not meet this burden.  He

alleges that the omission was "deliberately" made by Detective Creighton with a

"reckless disregard of the law and of the legal rights of Plaintiff."  However,

Plaintiff has never stated the omission.[7]  By failing to provide a clear statement

conveying the actual association between him and the relevant address, Plaintiff

failed to state grounds for which this Court could find that the warrant affidavit

contained a material omission that would render the warrant void.

Even assuming that Plaintiff could show a weak association between him

and the relevant address, Detective Creighton would still have probable cause to

present the warrant affidavit to the judge and initiate Plaintiff's arrest.  The warrant

affidavit states that the victim gave the police the cell phone number, which the

police traced back to Stephanie Young of Fairburn, Georgia.  The affidavit then

states that "[a] black male associated with Young's address was identified as

[Plaintiff]," that Plaintiff "matched the physical description given by [the cab

---

[6] All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit.  *Madiwale*, 117 F.3d at 1327 n.6.

[7] Plaintiff never denied an association with the relevant address.  Instead, he hinted that the association was a distant one through inconsistent statements in various pleadings.  ("If the Judge knew that Plaintiff was associated with the address twenty years ago because he was a victim of theft . . ."); ("If this court would insert into the warrant affidavit that Appellant was a victim of child molestation at the address associated with the address when he was 10 years old . . .").  To this point, he has never provided the actual association.

driver]," and that the victim positively identified Plaintiff as the robber in a photographic line-up. None of these underlying facts has been disputed by Plaintiff. "Generally, an officer is entitled to rely on a victim's criminal complaint as support for probable cause." *Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998); *see also United States v. Bell*, 457 F.2d 1231, 1238 (5th Cir. 1972) (discussing the importance of victim statements by noting that the information provided by victim eyewitnesses and identified bystanders do not require supporting affidavits attesting to the reliability of the information). Detective Creighton relied on the victim's statements and arrested Plaintiff after he had sufficient evidence to support a finding of probable cause.

2.    Illegal Search Claims

To the extent that Plaintiff raises his illegal search claims on appeal by asserting that Detective Creighton lacked probable cause for the searches, we find that both claims were properly dismissed by the district court. As an initial matter, Plaintiff improperly pled his illegal search claims by adding them on to Count 1 of the Amended Complaint. *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) ("[S]eparate, discrete causes of action should be plead [sic] in separate counts."). Plaintiff then failed to comply with the district court's order granting leave to file an amended complaint in order to "separate out his federal

11

claims into separate counts by legal theory." Furthermore, both claims fail on their merits.

Plaintiff's illegal search claim as to his person fails because Detective Creighton had probable cause to arrest Plaintiff. *See generally United States v. Robinson*, 414 U.S. 218 (1973) (discussing and affirming law enforcement officers' authority to search the person incident to a lawful arrest). Plaintiff's illegal search claim as to his vehicle also fails. In order to establish liability, Plaintiff "must show 'proof of an affirmative causal connection' between a government actor's acts or omissions and the alleged constitutional violation." *Brown v. City of Huntsville*, 608 F.3d 724, 737 (11th Cir. 2010) (quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)). Plaintiff does not allege that Detective Creighton was involved with the vehicular search or that he did anything to lead the Georgia police officers and the U.S. Marshall to initiate that search. Because Plaintiff has failed to provide any sort of factual connection between Detective Creighton's actions and the search of his car, the district court properly dismissed the claim.

## C.    Claims Against the City

Plaintiff asserts that the district court erred in dismissing his municipal liability claims because the district court applied a heightened pleading standard. We find that the district court appropriately and correctly applied the normal

12

pleading standard set forth by the Supreme Court in *Iqbal* to dismiss Plaintiff's municipal claims.

Municipalities are not subject to respondeat superior or vicarious liability under § 1983; rather, there are strict limitations on municipal liability. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Here, Plaintiff's municipal liability claims against the City fail because Plaintiff has not demonstrated that he suffered a constitutional violation. *See Dahl v. Holley*, 312 F.3d 1228, 1236 (11th Cir. 2002). Furthermore, Plaintiff failed to sufficiently plead any policy or custom in the City's training, hiring, or screening practices that caused the alleged constitutional violation.[8]

## III.  CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.

---

[8]  Plaintiff incorrectly asserts that he is entitled to discovery to attempt to find a municipal pattern or custom. *See Iqbal*, 556 U.S. at 686 (When the "complaint is deficient under Rule 8, [the plaintiff] is not entitled to discovery.").